*1141 ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM.
This matter arises from a petition for consent discipline submitted by respondent, Claud Edward Phelps, prior to the filing of formal charges by the Office of Disciplinary Counsel (“ODC”).
UNDERLYING FACTS
This proceeding involves seven separate instances of misconduct. The facts, as stipulated to by the parties, are as follows:

General Facts

Respondent was admitted to the bar in 1992. During the time period at issue, he was employed by the law firm of Steven Rue and Associates. He has been disciplined on one prior occasion, receiving an admonition in 1999 for failing to act with reasonable diligence, failing to communicate and failing to cooperate in the disciplinary investigation.

Graham Matter

David Allen Graham retained respondent in January, 1998 to represent him in a domestic matter. Although respondent filed pleadings in the case, he did not provide copies of those pleadings to his client or communicate with him about the status and | ¿progress of the ease. The parties stipulated that part of the delay was due to the fact that the"opposing party could not be served.

Stuart Matter

Prior to her death in December, 1997, Patricia Stuart retained the law firm of Stephen Rue and Associates to handle her estate. The case was assigned to respondent shortly after Ms. Stuart’s death. Respondent failed to communicate with Ms. Stuart’s daughter, Joyce Haynes, or with the executor of the estate about the status of the case and failed to expedite resolution of the case. The parties stipulated that some of the delay resulted because out-of-state attorneys were involved in the matter.

Weintrit Matter

In February, 1999, Melissa Weintrit retained respondent to represent her in a divorce case. Although respondent filed pleadings in the matter, he failed to adequately communicate with Ms. Weintrit about the status and progress of the case. Respondent also failed to appear in court with his client. However, the parties stipulated that Ms. Weintrit’s rights were not prejudiced by respondent’s actions.

Rodrigue Matter

Roxanna Rodrigue retained the law firm of Stephen Rue and Associates to represent her in a domestic matter. The case was assigned to respondent. Ms. Ro-drigue made respondent aware that the matter should be handled on an expedited basis because she was planning on going to Europe. Respondent failed to adequately communicate with Ms. Rodrigue or expedite the litigation as promised.

|aDavis Matter

May Davis retained respondent to represent her in a child custody matter. Although respondent had some contact with Ms. Davis, he failed to return her numerous phone calls or respond to her requests for information.

LeBlanc Matter

In 1998, Mark G. LeBlanc retained Steven Rue and Associates to handle a divorce matter. The case was assigned to respondent. Although respondent had some contact with Mr. LeBlanc, he failed to return *1142 his phone calls or respond to his requests for information.

Bertucci Matter

In 1998, John Bertucci retained Steven Rue and Associates to handle a divorce matter. The case was assigned to respondent. Although respondent had some contact with Mr. Bertucci, he failed to return his phone calls or respond to his correspondence.
DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

Prior to the filing of formal charges by the ODC, respondent submitted a petition for consent discipline.[1] In his petition, respondent stipulated to the facts and admitted his conduct violated the following provisions of the Rules of Professional Conduct: Rule 1.3 (failing to act with reasonable diligence and promptness in representing a client), Rule 1.4 (failure to communicate with a client) and Rule 3.2 (failure to make reasonable efforts to expedite litigation consistent with the interests |4of the client). As a sanction, respondent proposed that he be suspended from the practice of law for a period of one year and one day, but that this suspension be fully deferred and he be placed on supervised probation for a period of twenty-four months subject to conditions.[2]
The ODC concurred in the petition for consent discipline. The ODC observed that respondent’s conduct caused frustration to his clients, but did not result in any permanent harm to them. In mitigation, it noted that all the complaints arose during a time when respondent was overwhelmed with work.
| sRecommendation of the Disciplinary Board
Based on respondent’s admission of misconduct, the board found the sole issue before it was whether the proposed sanction was appropriate. Citing Standards 4.42 and 6.22 of the ABA’s Standards for Imposing Lawyer Discipline,[3] the board *1143 concluded the baseline sanction for respondent’s misconduct was a suspension. As aggravating facts it recognized respondent had a prior disciplinary record, engaged in a pattern of misconduct and multiple offenses, and his actions involved vulnerable victims. As mitigating factors, it found respondent had a cooperative attitude toward the proceedings, was inexperienced in the practice of law[4] and demonstrated remorse. Considering these factors, the board found the'proposed consent discipline was appropriate and recommended it be accepted.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends | fiupon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s neglect of client matters and failure to communicate with clients is conduct which falls well below the high ethical standard expected of attorneys licensed to practice law in this state. The baseline discipline for this misconduct is clearly a suspension from the practice of law. However, we recognize that respondent’s actions were the product of poor practice management skills rather than any dishonest or improper motive on his part. Under similar circumstances, this court has imposed deferred suspensions coupled with supervised probation. See In re: Madera, 99-3265 (La.12/10/99), 756 So.2d 282; In re: Horne, 98-2514 (La.11/6/98), 721 So.2d 846; In re: Dunn, 98-0760 (La.9/18/98), 717 So.2d 639; In re: Williams, 98-0773 (La.4/24/98), 709 So.2d 211. Such an approach gives the lawyer an opportunity to correct the problems which caused the misconduct, while at the same time protecting the public from future misconduct.
Accordingly, we will accept the petition for consent discipline, and impose a fully deferred suspension, subject to probation with conditions.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Claud Edward Phelps be suspended from the practice of law for a period of one year and one day. It is further ordered that this suspension shall be fully deferred and respondent shall be placed on supervised probation for a period of twenty-four months, subject to the conditions set forth in the petition for consent discipline. Any violation of the conditions of probation or any other misconduct during the probationary period may be grounds for |7making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty *1144 days from the date of finality of this court’s judgment until paid.

. Respondent had previously submitted a petition for consent discipline, but this petition was rejected by the disciplinary board.

. The conditions are as follows:
(1) Respondent will respond to all reasonable requests of his probation monitor;
(2) Respondent agrees not to violate the Rules of Professional Conduct while on probation;
(3) Respondent agrees that any violation of any terms or conditions set forth shall result in a summary revocation of probation and the immediate imposition of the remaining period of the deferred suspension;
(4) Respondent shall remain current in the law during the period of his probation by satisfying all annual mandatory continuing legal education requirements of the Louisiana State Bar Association in a timely fashion, pay all Louisiana State Bar Association dues, and pay all Louisiana Attorney Disciplinary Board disciplinary assessments imposed by the Louisiana Supreme Court.
(5) Respondent shall enroll in and attend one full day of Ethics School administered by the Louisiana State Bar Association’s Practice Assistance and Improvement Committee.
(6) Respondent shall establish and maintain an effective calendaring system and method to communicate with clients and shall obtain the assistance of the LSBA Loss Prevention Counsel in the creation of a proper law office management program.
(7) Respondent will voluntarily participate in the Louisiana State Bar Association Fee Resolution Program regarding the fees for Stephen Rue and Associates’ clients.

.Standard 4.42 provides that suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to the client, or engages in a pattern of neglect that causes injury or potential injury to a client. Standard 6.22 provides suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule and caused injury or potential injury to a client or party, or causes interference or potential interference with a legal proceeding.

. We question whether this mitigating factor is applicable, as respondent had been admitted to the practice of law for approximately six years at the time of the misconduct.