ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, Harry E. Cantrell, Jr., an attorney licensed to practice law in Louisiana. For his misconduct, respondent proposed that he be suspended from the practice of law for one year and one day, fully deferred, subject to an eighteen-month period of supervised probation with conditions. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed discipline be accepted.
UNDERLYING FACTS

The Defillo Matter

In December 1998, Cheryl Defillo filed a complaint against respondent with the ODC. Ms. Defillo alleged that she retained respondent to represent her in a claim for workers’ compensation benefits and Social Security disability benefits arising from a 1989 workplace accident, and in a personal injury matter stemming from a 1993 automobile accident. The workers’ compensation matter went to trial and an adverse judgment was rendered against Ms. Defil-lo. Respondent appealed the judgment, but the appeal was not timely filed and it was ultimately dismissed by the court of appeal. Respondent failed to advise his client concerning the status of her case, *508 and he failed to promptly advise her that she was entitled to seek independent counsel with respect to his failure to file the appeal timely.
|¡>Ms. Defillo initially represented herself in the Social Security matter. Following a hearing, an administrative law judge denied Ms. Defillo’s claim for Social Security disability benefits. Thereafter, Ms. Defillo alleges that she requested respondent’s assistance in appealing the adverse ruling. Respondent admits making a few telephone calls on Ms. Defillo’s behalf, but contends that he never agreed to handle the Social Security matter. In any event, no appeal was timely filed in Ms. Defillo’s Social Security case.[1]
Finally, at some point during Ms. Defil-lo’s personal injury litigation, the defendant insurance company became insolvent. After this fact was brought to respondent’s attention, he delayed in filing a claim with LIGA on his client’s behalf. Eventually, after a claim was filed, respondent failed to track its progress and to keep Ms. Defillo informed about the status of the matter.

The Knightshead Matter

Murphy Knightshead retained respondent to represent him in a tort suit arising from a 1991 workplace fistfight, and in a personal injury matter stemming from a 1994 automobile accident. In the tort matter, respondent filed a petition alleging that Mr. Knightshead’s former employer, Avondale Industries, was liable for the intentional tort of one of its employees, with whom Mr. Knightshead had been involved in a fistfight. However, respondent apparently took no further action in the case, and it was ultimately dismissed.
In the personal injury matter, respondent erroneously filed suit in an improper venue. After the suit was transferred to the proper venue, the defendants filed an 13exception of prescription and the case was dismissed. While respondent’s appeal of the judgment of dismissal was pending, Mr. Knightshead filed a complaint against respondent with the ODC, alleging that he was unaware of the status of the case. One month later, the court of appeal affirmed the dismissal of the tort suit on grounds of prescription. Respondent failed to promptly advise Mr. Knightshead that he was entitled to seek independent counsel with respect to his failure to handle the case properly.
DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

The ODC conducted an investigation into the complaints filed against respondent. Prior to the institution of formal charges, respondent filed a petition for consent discipline, admitting his conduct violated the following provisions of the Louisiana Rules of Professional Conduct: Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.8 (prohibited transactions between a lawyer and a client), and 3.2 (failure to expedite litigation). For his misconduct, respondent proposed that he be suspended from the practice of law for one year and one day, fully deferred, subject to an eighteen-month period of supervised probation with the following conditions:
*509 1. Respondent shall respond to all reasonable requests of his probation monitor.
2. Respondent shall refrain from any violations of the Rules of Professional Conduct.
3. Respondent shall establish and maintain an effective calendaring system and method to communicate with clients and shall obtain the assistance of the Louisiana State Bar Association’s Loss Prevention Counsel, the LSBA’s Practice Assistance Counsel, and his probation monitor in the creation of a proper law office management program.
|44. Respondent shall enroll in and attend one full day of Ethics School administered by the LSBA’s Practice Assistance and Improvement Committee.
5. Respondent shall maintain current in the law during his period of probation by satisfying all annual MCLE requirements in a timely fashion, and he shall timely pay his bar dues and the disciplinary assessment.
6. Respondent agrees that any violation of any terms or conditions set forth shall result in a summary revocation of probation.
7. Respondent is responsible for all ordinary costs of the disciplinary process and consent proceedings, consistent with Supreme Court Rule XIX, § 10.1.
The ODC concurred in respondent’s petition for consent discipline.

Disciplinary Board Recommendation

The disciplinary board found that by violating Rules 1.3, 1.4, 1.8, and 3.2 of the Louisiana Rules of Professional Conduct, respondent violated duties owed to his clients and to the legal system. The board observed that although the record contains little information concerning respondent’s state of mind, his conduct appears to have been negligent or knowing. As a result of his conduct, respondent caused damage in the form of delay and frustration to his clients. Because it was unlikely that Ms. Defillo’s appeal of the workers’ compensation and Social Security matters would have been successful, it does not appear that she sustained serious injury due to respondent’s misconduct. The same can be said relative to the likelihood of success of Mr. Rnightshead’s intentional tort suit against Avondale. With respect to Mr. Knightshead’s personal injury matter, the complainant (with the benefit of the advice of independent counsel) has reached a monetary settlement with respondent. Finally, in addition to the damage sustained by his clients, respondent also caused damage to |fithe legal system by failing to expedite litigation. The baseline sanction for such misconduct is a suspension from the practice of law.
Based upon its review of the record, the board determined the aggravating factors present include a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1981). In mitigation, the board recognized the absence of a prior disciplinary record, absence of a dishonest or selfish motive, and a cooperative attitude toward the disciplinary proceedings. After reviewing the pri- or jurisprudence of this court dealing with misconduct similar to respondent’s,[2] the *510 board determined the proposed consent discipline is appropriate. Accordingly, the board recommended that respondent be suspended from the practice of law for one year and one day, fully deferred, subject to an eighteen-month period of supervised probation governed by the conditions set forth in the petition for consent discipline.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
J^DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s neglect of client matters and failure to communicate with clients is conduct which falls below the high ethical standard expected of attorneys licensed to practice law in this state. Furthermore, after engaging in the misconduct, respondent failed to promptly advise his clients of their right to seek independent counsel with respect to his malpractice. The baseline discipline for this misconduct is clearly a suspension from the practice of law. However, respondent’s actions were unintentional and were not the product of any dishonest or improper motive on his part. As noted by the disciplinary board, we have frequently imposed deferred suspensions coupled with supervised probation under those circumstances. Such an approach gives the lawyer an opportunity to correct the problems which caused the misconduct, while at the same time protecting the public from future misconduct. See In re: Phelps, 02-1837 (La.9/30/02), 827 So.2d 1140.
Accordingly, we will accept the petition for consent discipline, and impose a fully *511 deferred suspension, subject to probation with conditions.
^DECREE
Upon review of the petition for consent discipline, the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Harry E. Cantrell, Jr., Louisiana Bar Roll number 3852, be suspended from the practice of law in Louisiana for a period of one year and one day. It is further ordered that said suspension shall be fully deferred, subject to respondent’s successful completion of an eighteen-month period of supervised probation governed by the conditions set forth herein. Any violation of the conditions of probation or any other misconduct during the probationary period may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent has suggested that any appeal of either the adverse Social Security ruling or the adverse workers’ compensation ruling would not have been successful on the merits, given that both the administrative law judge and the workers’ compensation hearing officer had found Ms. Defillo and her treating physician lacking in credibility. While respondent's assessment may be correct, the weakness of Ms. Defillo’s case does not excuse his misconduct.

. The board considered four cases. In In re: Phelps, 02-1837 (La.9/30/02), 827 So.2d 1140, this court accepted a petition for consent discipline imposing a fully deferred one year and one day suspension, subject to a two-year period of supervised probation with conditions, for the respondent’s neglect of legal matters, failure to communicate with clients, and failure to expedite litigation. The aggravating factors present included a prior disci *510 plinary record, pattern of misconduct, multiple offenses, and vulnerability of the victims. The mitigating factors present included a cooperative attitude toward the proceedings, inexperience in the practice of law, and remorse. The respondent's misconduct was not the result of a dishonest or improper motive; though it caused frustration to his clients, no permanent harm resulted.
Inin re: Beauchamp, 02-1389 (La.6/13/02), 821 So.2d 1281, the respondent was suspended for one year and one day, fully deferred, subject to a two-year period of supervised probation with conditions, for neglecting legal matters, failing to communicate with clients, and failing to expedite litigation. The respondent’s actions were negligent and noted to have stemmed largely from poor management of her law office.
In In re: Dunn, 98-0535 (La.6/5/98), 713 So.2d 461, the respondent was suspended for six months, fully deferred, for allowing a client’s case to be dismissed on grounds of abandonment and then attempting to monetarily settle his liability with the client.
Finally, in In re: Thompson, 98-0079 (La.5/8/98), 712 So.2d 72, the respondent was suspended for one year, fully deferred, subject to an eighteen-month period of supervised probation with conditions, for allowing a client’s case to prescribe and then attempting to monetarily settle his liability with the client. The parties stipulated the mitigating factors present included no prior disciplinary record, full and free disclosure to the ODC, and inexperience in the practice of law.