ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from a rule to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Claud Edward Phelps, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Respondent was the subject of prior disciplinary proceedings in In re: Phelps, 02-1837 (La.9/30/02), 827 So.2d 1140, which involved multiple instances of neglect of legal matters, failure to expedite litigation, and failure to communicate with clients. Prior to the filing of formal charges, respondent filed a petition for consent discipline proposing that he be suspended from the practice of law for one year and one day, fully deferred, subject to a two-year period of supervised probation with conditions. The ODC concurred in the petition, and the disciplinary board recommended *532 the proposed discipline be accepted. On September 30, 2002, this court accepted the petition for consent discipline and imposed a suspension of one year and one day. The suspension was deferred in its entirety subject to respondent’s completion of a two-year period of probation governed by specified conditions, including the following:
(1) Respondent will respond to all reasonable requests of his probation monitor;
li>(2) Respondent agrees not to violate the Rules of Professional Conduct while on probation;
(3) Respondent agrees that any violation of any terms or conditions set forth shall result in a summary revocation of probation and the immediate imposition of the remaining period of the deferred suspension.
On December 16, 2002, the disciplinary board appointed Baton Rouge attorney Clifton O. Bingham, Jr. as respondent’s probation monitor. By letter dated July 7, 2003, Mr. Bingham notified the ODC that respondent had “failed to maintain a level of participation indicating a willingness to cooperate and comply with his Probation Plan.” Specifically, Mr. Bingham reported that he had met with respondent on only two occasions (January 16, 2003 and April 2, 2003), despite respondent’s agreement to schedule meetings on a monthly basis during the probationary period. Mr. Bing-ham made numerous attempts to telephone respondent concerning the matter, but his calls were not returned. On May 28, 2003, Mr. Bingham sent respondent a certified letter asking for his cooperation, but the letter was returned unclaimed.
DISCIPLINARY PROCEEDINGS

Rule to Revoke Probation

On August 21, 2003, the ODC filed a rule to revoke respondent’s probation. In addition to respondent’s failure to cooperate with his probation monitor, the ODC also premised its rule on respondent’s failure to abstain from violations of the Rules of Professional Conduct while on probation.[1] The ODC prayed for revocation of ^respondent’s probation and the imposition of the previously deferred one year and one day suspension.

Disciplinary Board Recommendation

A hearing was conducted before an adjudicative panel of the disciplinary board on September 25, 2003. The ODC submitted documentary evidence in support of its case, and called Mr. Bingham to testify in person. Respondent appeared and testified on his own behalf. He also called his wife, Covington attorney Jill Leber, to testify in person.
After considering the evidence, the board found respondent in violation of his probation. Without valid reason or excuse, respondent failed to schedule and participate in monthly meetings with his probation monitor. As a matter of law, respondent’s failure to satisfy the conditions of his probation warrants the revocation thereof and his suspension from the practice of law for one year and one day.[2]
*533 Neither respondent nor the ODC filed an objection in this court to the disciplinary board’s recommendation.
DISCUSSION
The record supports the disciplinary board’s conclusion that respondent failed to comply with the condition of his probation requiring him to cooperate with his probation monitor, Cliff Bingham. Respondent signed a formal probation plan in March 2003. As part of the plan, respondent agreed to schedule and participate in monthly meetings with Mr. Bingham. However, only one such meeting took place Rafter the plan was signed. Mr. Bingham subsequently attempted to contact respondent by telephone and in writing, but to no avail.
Under these circumstances, we must conclude that respondent failed to comply with the terms of his probation. Accordingly, we will revoke his probation and make the previously deferred one year and one day suspension executory.
DECREE
For the reasons assigned, respondent’s probation is revoked and the previously deferred one year and one day suspension imposed in In re: Phelps, 02-1837 (La.9/30/02), 827 So.2d 1140, is hereby made executory. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Simultaneously with the filing of the rule to revoke probation, the ODC filed eighteen new counts of formal charges against respondent. These charges allege respondent’s neglect of legal matters, failure to communicate with clients, failure to refund unearned legal fees, and failure to cooperate with the ODC in its investigation.

. Having found respondent's failure to cooperate with his probation monitor a sufficient ground upon which to recommend the revocation of probation, the board felt the question of whether respondent engaged in additional instances of professional misconduct (as set forth in the newly filed formal charges) is best left to the discretion of the hearing committee scheduled to hear those charges.