*711 I ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from consolidated formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Bruce Williams, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES

01-DB-052

The Course Matter

In November 1996, Lucille Course hired respondent to handle a personal injury claim. Respondent did not file a lawsuit on her behalf until November 5, 1997, three days after prescription on the claim had run. He did not inform Ms. Course of his failure to file suit timely or advise her to seek independent counsel about a possible malpractice claim against him. He also failed to respond to Ms. Course’s requests for status updates, despite her numerous phone calls.
The ODC alleged that respondent’s conduct in this matter violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 1.8 (conflict of interest) of the Rules of Professional Conduct.
| M-DB-Oh.8
Count I — The Demetrice Johnson Matter
In February 1996, Demetrice Johnson hired respondent to handle a personal injury claim. Respondent failed to adequately communicate with Ms. Johnson or provide her with requested status updates, despite her numerous phone calls. He also stopped working on her legal matter without notifying her. Thereafter, respondent failed to fully cooperate with the ODC in its investigation of Ms. Johnson’s complaint.
The ODC alleged that respondent’s conduct in this matter violated Rules 1.3, 1.4, and 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
Count II — The Gould Matter
In June 1998, Jyronne Gould hired respondent to handle a personal injury claim. Respondent failed to adequately communicate with Mr. Gould or provide him with requested status updates, despite his numerous phone calls. He also stopped working on Mr. Gould’s legal matter without notifying him. Thereafter, respondent failed to fully cooperate with the ODC in its investigation of Mr. Gould’s complaint.
The ODC alleged that respondent’s conduct in this matter violated Rules 1.3, 1.4, *712 and 8.1(c) of the Rules of Professional Conduct.
Count III — The Gisele Johnson Matter
In November 1995, Gisele Johnson hired respondent to handle a medical malpractice claim. Respondent failed to move the matter forward and failed to respond to Ms. Johnson’s numerous phone calls. He also failed to fully cooperate with the ODC in its investigation of Ms. Johnson’s complaint.
|sThe ODC alleged that respondent’s conduct in this matter violated Rules 1.3, 1.4, and 8.1(c) of the Rules of Professional Conduct.
Count TV — The Smith Matter
In January 2001, Walter Smith hired respondent to handle a lawsuit against the Housing Authority of New Orleans. Respondent failed to respond to Mr. Smith’s phone calls or correspondence requesting status updates.
The ODC alleged that respondent’s conduct in this matter violated Rule 1.4 of the Rules of Professional Conduct.

05-DB-0SÍ

Count I — The Young Matter
In December 1996, Nolan Young hired respondent to handle a personal injury claim. Respondent filed suit on Mr. Young’s behalf but failed to move the matter forward. He also failed to respond to Mr. Young’s numerous phone calls. Soon after receiving notice of Mr. Young’s disciplinary complaint against him, respondent withdrew from his case. However, he failed to notify Mr. Young of his withdrawal.
The ODC alleged that respondent’s conduct in this matter violated Rules 1.3, 1.4, and 1.16(d) (obligations upon termination of the representation) of the Rules of Professional Conduct.
Count II — The Ward Matter
In 1995, Patricia Ward hired respondent to handle a personal injury claim. Respondent failed to move the matter forward and failed to adequately communicate with Ms. Ward. He also failed to fully cooperate with the ODC in its investigation of Ms. Ward’s complaint.
|4The ODC alleged that respondent’s conduct in this matter violated Rules 1.3, 1.4, and 8.1(c) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
Respondent did not file answers to the three sets of formal charges. Instead, he filed a motion to consolidate and set for hearing in mitigation. In his motion, respondent admitted that he violated the Rules of Professional Conduct as alleged in the formal charges. The hearing committee chair ordered that the cases be consolidated and set for a hearing in mitigation. However, respondent failed to appear at the hearing.[1]

*713
Hearing Committee Recommendation

The hearing committee determined that the factual allegations in the formal charges were supported by the evidence. Accordingly, it concluded respondent violated the Rules of Professional Conduct as charged.
In aggravation, the committee determined that respondent engaged in a pattern of misconduct that resulted in repeated violations of the Rules of Professional Conduct. It further found respondent showed no remorse. The only mitigating factor found by the committee is the absence of a prior disciplinary record.
| r,Based on its findings, the committee recommended that respondent be disbarred and be assessed with all costs of these proceedings. Neither respondent nor the ODC filed an objection to the committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record, the disciplinary board found that respondent violated Rules 1.3, 1.4, 1.8,1.16(d), and 8.1(c) of the Rules of Professional Conduct. It noted he acted knowingly, if not intentionally, and caused actual harm to his clients. It also concluded he knowingly failed to cooperate with the ODC in its investigations, which placed an unnecessary burden on the disciplinary system.
As aggravating factors, the board found a pattern of misconduct, multiple offenses, and a refusal to acknowledge the wrongful nature of the conduct. The board also observed that respondent failed to appear at the hearing, which was scheduled at his request and solely for his benefit.
After considering the prior jurisprudence involving similar misconduct,[2] the board recommended that respondent be disbarred and be assessed with all costs and expenses of these proceedings. Neither respondent nor the ODC filed an objection to the board’s recommendation.
DISCUSSION
 | ,;Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The undisputed evidence in the record of this matter reveals that respondent neglected six legal matters, failed to cona- *714 municate with seven clients, failed to protect one client’s interest upon termination of the representation, and failed to cooperate with the ODC in four investigations. Respondent also allowed one client’s claim to prescribe and did not inform her that she may have a malpractice claim against him for his failure to file suit on time. This conduct violates Rules 1.3, 1.4, 1.8, 1.16(d), and 8.1(c) of the Rules of Professional Conduct.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In considering this issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
|7In eases involving multiple instances of neglect, failure to communicate with clients, and failure to cooperate with the ODC in its investigations, we have often disbarred lawyers. See, e.g., In re: Brancato, 06-0124 (La.5/26/06), 932 So.2d 651 (attorney disbarred for numerous instances of neglect, failure to communicate, and failure to cooperate); In re: Poirrier, 01-1116, 01-1118 (La.6/29/01), 791 So.2d 94 (attorney disbarred for abandoning his law practice, neglecting several legal matters, failing to communicate with his clients, failing to account for or refund unearned fees and/or unused costs, failing to return his clients’ files, and failing to cooperate with the ODC).
Aggravating factors present in the instant matter are a pattern of misconduct and multiple offenses. The sole mitigating factor is respondent’s lack of a prior disciplinary record.
Considering the record as a whole, we conclude respondent has failed to comply with the high ethical standards expected of lawyers in this state. His chronic neglect of legal matters entrusted to him as well as his lack of regard for the welfare of his clients reveals he is a danger to the public. Accordingly, he must be disbarred.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Bruce Williams, Louisiana Bar Roll number 21156, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys, and his license to practice law in the State of Louisiana shall be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Apparently, respondent’s home and office were destroyed during Hurricane Katrina. Although he did not notify the Louisiana State Bar Association of a change in his bar registration address, the ODC was able to locate him at his father’s residence in Alabama following the hurricane. On January 6, 2006, Ronald Beaver, the ODC's investigator, spoke with respondent on his cell phone. Respondent informed Mr. Beaver that the ODC could send correspondence to him at his father's residence. On January 12, 2006, notice of the hearing date was delivered to respondent at his father’s residence via Federal Express. Notice was also sent to respondent’s bar registration address via regular mail. Furthermore, Mr. Beaver left several voicemail messages for respondent on his cell phone informing him of the hearing date. Nonetheless, respondent failed to appear.

. The board cited In re: Waltzer, 04-1032 (La.10/8/04), 883 So.2d 973 (two-year suspension imposed upon an attorney who, among other misconduct, neglected three legal matters, failed to communicate with three clients, failed to properly terminate representations, and failed to cooperate with the ODC); In re: Wharton, 03-1816 (La. 10/17/03), 872 So.2d 459 (three-year suspension imposed upon an attorney who neglected seven legal matters, failed to communicate with four clients, failed to refund unearned fees to five clients, and failed to cooperate with the ODC in three investigations); and In re: Laque, 03-3539 (La.6/25/04), 876 So.2d 753 (disbarment imposed upon an attorney who neglected and abandoned sixteen legal matters without notice to his clients, failed to communicate with his clients, failed to refund unearned fees, closed his office without notice to his clients, and failed to cooperate with the ODC).