*785
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Elise M. Beauchamp, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
 
 [1]
 

 PRIOR DISCIPLINARY HISTORY
 

 Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1987. In 2002, respondent submitted a petition for consent discipline to this court wherein she admitted that she neglected her clients’ legal matters, failed to communicate with her clients, failed to provide accountings or return unearned fees at the conclusion of her representation of her clients, and failed to expedite litigation. The court accepted the petition for consent discipline and suspended respondent from the practice of law for one year and one day, fully deferred, subject to two years of probation with conditions.
 
 In re: Beauchamp,
 
 02-1389 (La.6/13/02), 821 So.2d 1281
 
 (“Beauchamp I
 
 ”).
 

 Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
 

 FORMAL CHARGES
 

 Count I
 
 — The
 
 Dixon Matter
 

 lain September 2007, Taymia Dixon hired respondent to represent her in a child support matter. Ms. Dixon paid respondent $450 for her services, but respondent failed to take any action on Ms. Dixon’s behalf. In an October 30, 2007 e-mail, respondent informed Ms. Dixon that she would refund the unearned fee. However, respondent failed to do so until July 9, 2008, five months after Ms. Dixon filed a disciplinary complaint against her.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.5 (failure to refund an unearned fee),
 
 [2]
 
 1.15(d) (failure to timely remit funds to a client or third person), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 Count II
 
 — The
 
 Hall Matter
 

 In July 2007, Anjelle Hall hired respondent to represent her in a community property partition matter. Ms. Hall paid respondent a total of $3,000 in attorney’s fees and court costs. Thereafter, respondent failed to respond to Ms. Hall’s attempts to contact her. On two occasions when respondent did speak to Ms. Hall, she provided Ms. Hall with false informa
 
 *786
 
 tion regarding a court date. Ms. Hall eventually discovered respondent had filed nothing on her behalf. As such, on November 26, 2007, December 6, 2007, and January 2, 2008, she asked respondent for a full refund and the return of her file. Respondent failed to provide the refund Isuntil July 9, 2008, approximately three months after Ms. Hall filed a disciplinary complaint against her.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4 (failure to communicate with a client), 1.5,1.15(d), 8.4(a), and 8.4(c).
 

 Count III
 
 — The
 
 Ashford Matter
 

 In January 2008, Claudette Ashford hired respondent to represent her in a paternity, custody, and child support matter. Ms. Ashford claimed she began having problems contacting respondent after respondent filed the petition. Ms. Ashford also claimed the matter was continued without date because the opposing party had not been served. She further claimed her last contact with respondent was April 17, 2008. Additionally, Ms. Ashford indicated she sent respondent certified letters requesting a refund, to no avail. Eventually, Ms. Ashford retained new counsel to complete the matter.
 

 Respondent failed to submit a written response to Ms. Ashford’s disciplinary complaint. However, in an April 2009 sworn statement, respondent testified that she never completed the matter because Ms. Ashford failed to remit the entire fee. Respondent also informed Ms. Ashford that she would withdraw from the case but failed to do so. Respondent further testified that she would submit a written response to the complaint and forward Ms. Ashford’s file by April 27, 2009. However, respondent failed to do so.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.16 (terminating the representation of a client), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a), and 8.4(c).
 

 \4Count IV
 
 — The
 
 Fowler Matter
 

 Leah Fowler hired respondent to reopen a succession, paying respondent $2,000 for her services. Ms. Fowler claimed that she thereafter made numerous attempts to contact respondent, to no avail.
 

 Respondent failed to submit a written response to Ms. Fowler’s disciplinary complaint. However, in an April 2009 sworn statement, respondent acknowledged that Ms. Fowler hired her, but she was unable to locate Ms. Fowler’s file. Respondent also claimed she conducted research and reviewed court records related to the succession. Respondent further testified that she would submit a written response to the complaint and forward Ms. Fowler’s file by April 27, 2009. However, respondent failed to do so.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5, 1.15(a) (safekeeping property of clients or third persons), 1.15(d), 8.1(c), and 8.4(a).
 

 Count V
 
 — The
 
 Miller Matter
 

 In January 2007, Ina Miller hired respondent to represent her in a child support and visitation matter, paying respondent $1,500. Ms. Miller claimed respondent failed to complete the matter. Ms. Miller also claimed respondent failed to adequately communicate with her, failed to inform her of court dates, changed scheduled court dates without first consulting her, and disconnected her telephone services without notifying her.
 

 
 *787
 
 Respondent failed to submit a written response to Ms. Miller’s disciplinary complaint and was subpoenaed to provide a sworn statement. In an April 2009 sworn statement, respondent denied Ms. Miller’s allegations of misconduct; however, she failed to provide any evidence to refute said allegations. Respondent | ¡¡further testified that she would submit a written response to the complaint and forward Ms. Miller’s file by May 1, 2009. However, respondent failed to do so.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4,1.5,1.15(d), 3.2, 8.1(c), and 8.4(a).
 

 Count VI
 
 — The
 
 Skinner Matter
 

 In April 2007, Amber Theodore Skinner hired respondent to represent her in a divorce and custody matter. Ms. Skinner paid respondent $1,500 plus court costs. Respondent filed the petition in December 2007. Thereafter, Ms. Skinner reconciled with her husband, but they again separated a few months later. In August 2008, Ms. Skinner and respondent entered into another contract for respondent to proceed with the divorce. At that time, respondent informed Ms. Skinner there were no funds left from the $1,500 retainer. Ms. Skinner claimed she paid respondent an additional $200 in August 2008 and another $250 for court costs. In September 2008, Ms. Skinner terminated respondent’s services and requested a detailed accounting. Ms. Skinner also stated that the court clerk’s office informed her that nothing had been filed since 2007, before she reconciled with her husband. Nevertheless, the $250 check Ms. Skinner issued to respondent for court costs was cashed on September 2, 2008.
 

 In an April 2009 sworn statement, respondent testified that she forwarded a detailed accounting to Ms. Skinner via email, and the accounting showed that Ms. Skinner owed her money. Respondent also testified that she would submit a written response to the complaint as well as documents to substantiate her claim by April 27, 2009. However, respondent failed to do so.
 

 |fiThe ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.5, 1.5(f)(5) (failure to hold disputed funds in trust), 1.15(d), 8.1(c), and 8.4(a).
 

 Count VII
 
 — The
 
 Hansen Matter
 

 In July 2008, Kristy Hansen hired respondent to represent her in a custody matter. She paid respondent a $900 fee plus an additional $175 for court costs. Ms. Hansen stated that she began having difficulty communicating with respondent in October 2008. Although respondent communicated once with Ms. Hansen via email, she failed to keep Ms. Hansen advised of the status of the matter, including the fact that a scheduled court date had been canceled. Thereafter, Ms. Hansen emailed respondent to request a refund, but respondent failed to respond.
 

 In an April 2009 sworn statement to the ODC, respondent testified that she rendered the services for which she was hired and had no intention of refunding the entire fee. Respondent also testified that she would submit a written response to Ms. Hansen’s disciplinary complaint as well as documents in support of her claim by April 27, 2009. However, respondent failed to do so.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5, 1.5(f)(5), 1.15(d), 3.2, 8.1(c), and 8.4(a).
 

 Count VIII
 
 — The
 
 Wooten Matter
 

 Leroy Wooten hired respondent to represent him in a divorce and community property partition matter. Mr. Wooten
 
 *788
 
 paid respondent a fixed fee of $3,500 and claimed respondent sufficiently communicated with him until he made his final installment payment. Respondent failed to appear for a scheduled hearing in March 2009, and she was not present when the judgment of divorce was granted |7on June 5, 2009. Mr. Wooten attempted several times to contact respondent, to no avail. Notice of Mr. Wooten’s disciplinary complaint was sent to respondent via certified mail but was returned unclaimed.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.8, 1.4,1.15(d), 8.1(c), and 8.4(a).
 

 Count IX
 
 — The
 
 Bradley Matter
 

 In September 2007, Craig Bradley hired respondent to represent him in divorce proceedings. Mr. Bradley paid respondent a $1,300 fixed fee plus court costs. When Mr. Bradley and his wife reconciled, respondent returned the $560 check that was designated for court costs. In October 2008, Mr. Bradley again hired respondent to proceed with the divorce. This time, respondent requested a fee of $1,950, subject to a $700 credit, which Mr. Bradley paid. He also provided a $550 check for court costs. Mr. Bradley claimed he last heard from respondent on December 22, 2008, when she informed him she was meeting with opposing counsel the next day. He also claimed that, thereafter, he made numerous attempts to contact respondent, to no avail. Mr. Bradley further claimed that respondent failed to appear for two hearings. Notice of Mr. Bradley’s disciplinary complaint, sent to respondent in April 2009, was returned to the ODC marked “not deliverable as addressed; unable to forward.”
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4,1.5,1.15(d), 3.2, 8.1(c), and 8.4(a).
 

 Count X
 
 — The
 
 Stabinsky Matter
 

 In May 2007, Myer “Buster” Stabinsky hired respondent to represent him in divorce proceedings, paying respondent $1,500. Mr. Stabinsky stated that | ^respondent failed to take any action on his behalf. He also stated that he made numerous attempts to contact respondent, to no avail. Notice of Mr. Stabinsky’s disciplinary complaint, sent to respondent in April 2009, was returned to the ODC marked “unclaimed; unable to forward.”
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4,1.5,1.15(d), 8.1(c), and 8.4(a).
 

 Count XI
 
 — The
 
 Sartin Matter
 

 Nathaniel Sartin hired respondent to represent him in divorce proceedings, paying respondent a $450 fixed fee. The divorce petition was filed in April 2003, but the matter was never finalized. Mr. Sartin made several attempts to contact respondent, to no avail. Notice of Mr. Sartin’s disciplinary complaint, sent to respondent in May 2009, was returned to the ODC marked “unclaimed.”
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4,1.5,1.15(d), 3.2, 8.1(c), and 8.4(a).
 

 Count XII
 
 — The
 
 Tefarikis Matter
 

 In August 2008, Christopher Tefarikis hired respondent to represent him in divorce proceedings, paying respondent a $2,500 fee. Mr. Tefarikis received notice of a hearing scheduled for April 9, 2009 and made several attempts to contact respondent prior to the hearing, to no avail. Mr. Tefarikis eventually retained new counsel to complete the matter. Respondent failed to refund any of the fee. Notice of Mr. Tefarikis’s disciplinary complaint, sent to respondent in May 2009, was returned
 
 *789
 
 to the ODC marked “unclaimed; unable to forward.”
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4,1.15(d), 3.2, 8.1(c), and 8.4(a).
 

 |
 
 fCount XIII
 
 — The
 
 Riley Matter
 

 Walter Riley hired respondent to represent him in divorce proceedings, paying respondent attorney’s fees and court costs. He stated that the last contact he had with respondent was May 7, 2008. Notice of Mr. Riley’s disciplinary complaint, sent to respondent in August 2009, was returned to the ODC marked “unclaimed; unable to forward.”
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4,1.5,1.15(d), 3.2, 8.1(c), and 8.4(a).
 

 DISCIPLINARY PROCEEDINGS
 

 In April 2010, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined the deemed admitted facts are undisputed. Thus, the committee accepted those facts as true and correct. Without explanation, the committee also determined respondent violated Rules 1.3, 1.4, 1.5, 1.15, 1.16, 3.2, 8.1, and 8.4 of the Rules of Professional Conduct.
 

 The committee further determined respondent violated duties owed to her clients, the public, the legal system, and the legal profession. Respondent acted Unknowingly and intentionally, causing harm to her clients. She failed to adequately communicate with her clients and failed to diligently pursue their legal matters. She also failed to return files and refund unearned fees, despite numerous requests. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the baseline sanction is disbarment.
 

 The committee found the following aggravating factors present: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, substantial experience in the practice of law (admitted 1987), and indifference to making restitution. The committee found no mitigating factors present.
 

 After considering respondent’s conduct in light of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, as well as case law involving similar misconduct, the committee recommended respondent be permanently disbarred.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After reviewing the record, the disciplinary board noted that the hearing committee made no specific factual findings. Therefore, the board adopted the deemed admitted factual allegations of the formal charges as the factual findings. Based on those facts, the board determined respondent violated the Rules of Professional Conduct as follows:
 

 
 *790
 
 Rule 1.3 — Respondent failed to act with reasonable diligence and promptness in all matters, as alleged in the formal charges.
 

 | n Rule 1.4 — Respondent failed to keep her clients reasonably informed about the status of their cases in all matters in which this rule violation was alleged.
 

 Rule 1.5 — Respondent failed to refund unearned fees to her clients in all matters in which this rule violation was alleged.
 

 Rule 1.5(f)(5) — The record does not support the ODC’s contention that respondent failed to deposit disputed funds into a trust account in the Skinner and Hansen matters. Stating that respondent violated this rule, without supporting factual allegations or other evidence, is insufficient to establish a violation of the rule.
 

 Rule 1.15(a) — The record does not support the ODC’s contention that respondent failed to keep the legal fee Ms. Fowler paid separate from respondent’s personal funds. Stating that respondent violated this rule, without supporting factual allegations or other evidence, is insufficient to establish a violation of the rule.
 

 Rule 1.15(d) — Nothing in the record supports a violation of this rule in any of the matters in which it was allegedly violated. The ODC did not submit evidence to prove that respondent, upon receiving funds or property in which her clients or third parties had an interest, failed to promptly deliver the funds or property to said clients or third parties. Stating that respondent violated this rule, without supporting factual allegations or other evidence, is insufficient to establish a violation of the rule.
 

 Rule 1.16 — Respondent failed to properly terminate her representation of Ms. Ashford.
 

 Rule 3.2 — Respondent failed to expedite litigation on behalf of her clients in all matters in which this rule violation was alleged.
 

 Rule 8.1(c) — Respondent failed to cooperate with the ODC in its investigation in all matters in which this rule violation was alleged.
 

 112Rule 8.4(a) — Respondent violated or attempted to violate the Rules of Professional Conduct in all matters, as alleged in the formal charges.
 

 Rule 8.4(c) — Respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in all matters in which this rule violation was alleged.
 

 The board further determined respondent violated duties owed to her clients, the public, the legal system, and the legal profession. The board determined respondent’s conduct was knowing and intentional based on the number of offenses and victims and given the fact that the court disciplined her in
 
 Beauchamp I
 
 for violating several of the same rules. Respondent caused a great amount of actual injury because numerous clients lost their legal fees and/or had their cases delayed, and respondent failed to make restitution to most of those clients. Respondent also harmed the disciplinary system because it had to expend additional resources to gather information from her when she failed to answer complaints. The board agreed with the committee that the baseline sanction is disbarment. The board also agreed with the aggravating factors found by the committee and agreed that no mitigating factors are present. Additionally, the board found that the aggravating factors of refusal to acknowledge the wrongful nature of the conduct and vulnerability of the victim are present.
 

 After considering respondent’s conduct in light of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, as well as case law
 
 *791
 
 involving similar misconduct, the board recommended respondent be permanently-disbarred.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 | ^DISCUSSION
 

 Bar disciplinary matters fall -within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The record of this matter indicates that respondent neglected legal matters, failed to communicate with clients, failed to refund unearned fees, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and failed to cooperate with the ODC in several investigations. Nevertheless, because of the language the ODC used to describe the factual allegations of the formal charges, the record does not provide clear and convincing evidence that respondent violated all of the Rules of Professional Conduct as alleged in the formal charges. Based on the deemed admitted facts, as written in the formal charges, and the other evidence in the record, we find respondent violated the Rules of Professional Conduct as follows:
 

 The Dixon matter—Respondent violated Rules 1.3, 8.4(a), and 8.4(c). Additionally, respondent violated Rule 1.5(f)(5) by failing to timely refund the unearned fee. Because we have already determined respondent violated Rule 1.5(f)(5), it is not necessary to determine whether she also violated Rule 1.15(d) by failing to promptly refund the unearned fee, as Rule 1.5(f)(5) is clearly the more applicable rule.
 

 The Hall matter—Respondent violated Rules 1.3, 1.4, 8.4(a), and 8.4(c). Additionally, respondent violated Rule 1.5(f)(5) by failing to timely refund the unearned fee. Because we have already determined respondent violated Rule 1.5(f)(5), it is not necessary to determine whether she also violated Rule 1.15(d) by failing to promptly refund the unearned fee, as Rule 1.5(f)(5) is clearly the more applicable rule.
 

 The Ashford matter—Respondent violated Rules 1.3, 1.16, 3.2, 8.1(c), 8.4(a), and 8.4(c). However, the record does not support a finding that respondent violated Rule 1.4. The deemed admitted facts amount to nothing more than the client’s allegation that respondent failed to communicate with her. For example, the formal charges allege the client “claims” or the client “advises” of a failure to communicate on respondent’s part. Without either supporting evidence in the record or a more definitive statement of the alleged fact that respondent failed to communicate with her client, we are unable to find a violation of Rule 1.4.
 

 
 *792
 
 The Fowler matter — Respondent violated Rules 1.3, 8.1(c), and 8.4(a). Additionally, respondent violated Rule 1.5(f)(5) by failing to refund the unearned fee. Because we have already determined respondent violated Rule 1.5(f)(5), it is not necessary to determine whether she also violated Rule 1.15(d) by failing to refund the unearned fee, as Rule 1.5(f)(5) is clearly the more applicable rule. Furthermore, the record does not support a finding that respondent violated Rule 1.4. The deemed admitted facts amount to nothing more than the client’s | ir,allegation that respondent failed to communicate with her. For example, the formal charges allege the client “claims” a failure to communicate on respondent’s part. However, respondent denied this allegation in her sworn statement. Therefore, the record merely supports a finding that a factual dispute exists regarding whether respondent failed to communicate with her client. Without either supporting evidence in the record or a more definitive statement of the alleged fact that respondent failed to communicate with her client, we are unable to find a violation of Rule 1.4. Further, there is neither a factual allegation in the formal charges nor evidence in the record that respondent failed to hold the client’s property separate from her own; thus, we are unable to find a violation of Rule 1.15(a).
 

 The Miller matter — Respondent violated Rules 8.1(c) and 8.4(a). There is insufficient evidence in the record to find a violation of Rules 1.3, 1.4, 1.5(f)(5), 1.15(d), and 3.2. The formal charges allege the client “claims” or “states” that respondent failed to communicate with her and failed to complete the legal matter. However, respondent denied these allegations in her sworn statement. Therefore, the record merely supports a finding that a factual dispute exists regarding whether respondent failed to communicate with her client and neglected her client’s legal matter. Without either supporting evidence in the record or more definitive statements of the alleged facts that respondent failed to communicate with her client, neglected the legal matter, failed to refund an unearned fee, and failed to promptly deliver funds to her client, we are unable to find additional violations of the Rules of Professional Conduct.
 

 The Skinner matter — Respondent violated Rules 8.1(c) and 8.4(a). Additionally, respondent violated Rule 1.5(f)(5) by failing to refund the unearned fee. Because we have already determined respondent violated Rule 1.5(f)(5), it is not necessary to determine whether she also violated Rule 1.15(d) by failing to 11 f,refund the unearned fee, as Rule 1.5(f)(5) is clearly the more applicable rule. Furthermore, there is neither a factual allegation in the formal charges nor evidence in the record that respondent neglected her client’s legal matter; thus, we are unable to find a violation of Rule 1.3.
 

 The Hansen matter — Respondent violated Rules 1.3, 1.4, 3.2, 8.1(c), and 8.4(d). Additionally, respondent violated Rule 1.5(f)(5) by failing to refund the unearned fee. Because we have already determined respondent violated Rule 1.5(f)(5), it is not necessary to determine whether she also violated Rule 1.15(d) by failing to refund the unearned fee, as Rule 1.5(f)(5) is clearly the more applicable rule.
 

 The Wooten matter — Respondent violated Rules 1.3, 1.4, 8.1(c), and 8.4(a). However, there is neither a factual allegation in the formal charges nor evidence in the record that respondent failed to promptly deliver funds to her client; thus, we are unable to find a violation of Rule 1.15(d).
 

 
 *793
 
 The Bradley matter — Respondent violated Rules 8.1(c) and 8.4(a). There is insufficient evidence in the record to find a violation of Rules 1.3, 1.4, 1.5(f)(5), 1.15(d), and 3.2. The formal charges allege the client “claims” or “states” that respondent failed to communicate with him and failed to appear for two hearings in his legal matter. Without either supporting evidence in the record or more definitive statements of the alleged facts that respondent failed to communicate with her client, neglected the legal matter, failed to refund an unearned fee, and failed to promptly deliver funds to the client, we are unable to find additional violations of the Rules of Professional Conduct.
 

 The Stabinsky matter — Respondent violated Rules 8.1(c) and 8.4(a). There is insufficient evidence in the record to find a violation of Rules 1.3, 1.4, 1.5(f)(5), and 1.15(d). The formal charges allege the client “states” that respondent failed to communicate with him and failed to take any action on his behalf. Without either | ^supporting evidence in the record or more definitive statements of the alleged facts that respondent failed to communicate with her client, neglected the legal matter, failed to refund an unearned fee, and failed to promptly deliver funds to the client, we are unable to find additional violations of the Rules of Professional Conduct.
 

 The Sartin matter — Respondent violated Rules 1.3, 1.4, 3.2, 8.1(c), and 8.4(a). Additionally, respondent violated Rule 1.5(f)(5) by failing to refund the unearned fee. Because we have already determined respondent violated Rule 1.5(f)(5), it is not necessary to determine whether she also violated Rule 1.15(d) by failing to refund the unearned fee, as Rule 1.5(f)(5) is clearly the more applicable rule.
 

 The Tefarikis matter — Respondent violated Rules 1.3, 1.4, 3.2, 8.1(c), and 8.4(a). Additionally, although not specifically listed in the alleged rule violations, the deemed facts reveal that respondent violated Rule 1.5(f)(5) by failing to refund the unearned fee. Because we have already determined respondent violated Rule 1.5(f)(5), it is not necessary to determine whether she also violated Rule 1.15(d) by failing to refund the unearned fee, as Rule 1.5(f)(5) is clearly the more applicable rule.
 

 The Riley matter — Respondent violated Rules 8.1(c) and 8.4(a). There is insufficient evidence in the record to find a violation of Rules 1.3, 1.4, 1.5(f)(5), 1.15(d), and 3.2. The formal charges allege the client “states” that respondent last contacted him on May 7, 2008. Without either supporting evidence in the record or more definitive statements of the alleged facts that respondent failed to communicate with her client, neglected the legal matter, failed to refund an unearned fee, and failed to promptly deliver funds to the client, we are unable to find additional violations of the Rules of Professional Conduct.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining |i8a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 
 *794
 
 Respondent knowingly and intentionally violated duties owed to her clients and the legal profession. She caused harm to her clients and the attorney disciplinary system. The baseline sanction for this type of misconduct is disbarment.
 

 Several aggravating factors are present, including prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. We agree with the hearing committee and the disciplinary board that no mitigating factors are present.
 

 We also agree that permanent disbarment is the appropriate sanction in this case. Based on the proven facts, respondent failed to timely refund unearned fees and unused costs totaling $11,425. Of that amount, respondent still has not refunded a total of $7,975 to several clients. Therefore, we find respondent’s conduct amounts to repeated or multiple instances of intentional conversion of client funds with substantial harm as required by Guideline 1 of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E.
 
 [3]
 

 | Accordingly, we will adopt the disciplinary board’s recommendation and permanently disbar respondent.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Elise M. Beauchamp, Louisiana Bar Roll number 18108, be stricken from the roll of attorneys and that her license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . Respondent has been ineligible to practice law since 2009 for failing to pay bar dues and the disciplinary assessment, failing to fulfill mandatory continuing legal education requirements, and failing to file trust account disclosure statements.
 

 [2]
 

 . Subsection (f)(5) of Rule 1.5 specifically references an attorney's duty to refund an unearned fee. As such, it would have been more appropriate for the ODC to allege a violation of Rule 1.5(f)(5) with respect to respondent’s failure to refund an unearned fee. All subsequent references to Rule 1.5 in the formal charges are also based on respondent’s failure to refund an unearned fee and, thus, would be more correctly stated as alleged violations of Rule 1.5(f)(5).
 

 [3]
 

 . The hearing committee had also recommended permanent disbarment based upon Guideline 9, which applies to instances of serious attorney misconduct which are preceded by suspension or disbarment for prior instances of serious attorney misconduct. However, as the disciplinary board correctly noted, respondent's prior discipline in
 
 Beau-champ I
 
 resulted in a fully deferred suspension, and therefore was not "serious attorney misconduct” as defined by Guideline 9.