*303 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| tThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Robert David Hairford, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES
Count I — The Marsch Matter
Frederick Marsch was terminated by the Department of Public Safety pursuant to a civil service hearing. He filed a timely appeal to the Civil Service Commission (“CSC”), which affirmed his termination on January 13, 2003. On January 15, 2003, Mr. Marsch hired respondent to represent him in an appeal of the CSC’s decision to the First Circuit Court of Appeal. Thereafter, respondent neglected the matter and failed to consult with Mr. Marsch despite numerous notices from the appeals division of the CSC and the clerk of the First Circuit.[2] In 12his answer to the complaint, respondent indicated that he was only retained to perfect an appeal to the CSC, which Mr. Marsch had already completed.
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.2(a) (scope of the representation), 1.2(b) (a lawyer may limit the objectives of the representation if the client consents after consultation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), and 8.4(a) (violation of the Rules of Professional Conduct).
Count II — The Clabaugh Matter
In April 2009, James Michael Clabaugh retained respondent to represent him in an uncontested divorce matter, for which respondent received a total fee of $1,500. Mr. Clabaugh stated that respondent took no action in the matter, failed to communicate with him, and failed to keep him informed regarding the status of the matter. Mr. Clabaugh claimed that he made the last payment of $500 on July 9, 2009. Respondent was to prepare and forward divorce documents to Mr. Clabaugh’s wife for her to review, sign, and return. Mr. Clabaugh claimed that respondent failed to address his attempts to contact him and that he had no contact with respondent after July 9, 2009. The ODC sent notice of the related disciplinary complaint to respondent’s primary bar registration address via certified mail, but the notice was returned unclaimed.
*304 The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4(a)(3) (failure to keep a client reasonably informed about the status of a matter), 1.4(a)(4) (failure to promptly comply with reasonable requests for information), 1.5 (fee arrangements), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
_|jCount III — The Borne Matter
In 2006, Donna Gayle Borne hired respondent to represent her in a wrongful termination claim against her former employer. Respondent received $500 towards his fee. Ms. Borne claimed that, thereafter, respondent failed to address her attempts to contact him regarding the status of the matter. Ms. Borne stated that she made several attempts to contact respondent, to no avail. The ODC sent notice of the related disciplinary complaint to respondent’s primary bar registration address via certified mail. Although the return receipt card indicates the notice was received on February 26, 2010, respondent failed to provide a response to the complaint.
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4(a)(3)(4), 1.5, 1.16(d), 8.1(c), 8.4(a), and 8.4(c).
Count IV — The Succession Matter
In February 2003, respondent was retained to complete the succession of Cornelius Hicks. The last action respondent took in the matter was in May 2006 when he petitioned the court to make Ethel Murphy administrator of the estate. Katie Primas, the initial complainant in the matter, stated that the letter she received from respondent on March 16, 2007 was the last communication any of the heirs have had with him. She also stated that since receiving that letter, the heirs have made numerous attempts to contact respondent regarding the status of the matter, to no avail. The ODC sent notice of the related disciplinary complaint to respondent’s primary bar registration address via certified mail, but the notice was returned undelivered.
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation |4to a client), 1.4(a)(3)(4), 3.2 (failure to make reasonable efforts to expedite litigation), 1.16(d), 8.1(c), and 8.4(a).
Count V — The Williams Matter
In March 2005, Claude Edward Williams retained respondent to represent him in a claim before the United States Equal Employment Opportunity Commission (“EEOC”). The retainer agreement, which was executed on March 21, 2005, provides that respondent was to prepare and file the EEOC claim on Mr. Williams’ behalf, with additional contracts for legal representation to be completed at the conclusion of the EEOC proceedings. The agreement also called for a non-refundable $500 flat fee. Mr. Williams claimed that he paid respondent a total of $1,500 in cash. In February 2011, the ODC received a complaint initiated by Mr. Williams alleging that, despite his attempts, he had had no contact with respondent in over a year. The ODC sent notice of the related disciplinary complaint to respondent’s primary bar registration address via certified mail, but the notice was returned unclaimed.
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.3, *305 1.4(a)(3)(4), 1.5, 1.16(d), 8.1(c), 8.4(a), and 8.4(c).
Count VI — The Child Suppoyt Matter
In a judgment dated December 10, 2003, respondent was ordered to pay child support in the amount of $795 per month, in addition to 100% of his minor child’s private school tuition and non-covered medical expenses. In August 2011, respondent appeared in court to address allegations that his obligations under the 2003 judgment were in arrears as follows: $46,980 for child support, $2,648.31 for tuition, $1,568.46 for non-covered medical expenses, and $17,800 for spousal |ssupport. Following the proceedings, respondent was held in contempt for failure to provide court-ordered discovery responses, for violation of a restraining order against the disposal of community assets, and for failure to pay monthly child support, monthly spousal .support, tuition fees, and non-covered medical expenses. As a result, he was sentenced to serve 420 days in jail. Respondent was ordered to serve seven days and advised that if he had not complied with the court’s order by the next scheduled hearing on September 12, 2011, the judge would impose a portion or the balance of the sentence.[3]
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 3.4(d) (failing to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party), 3.5(d) (engaging in conduct intended to disrupt a tribunal), 8.4(a), and 8.4(c).
DISCIPLINARY PROCEEDINGS
In April 2012, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges [ fias its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
The committee determined respondent violated duties owed to his clients, the public, the legal system, and the legal profession. He acted knowingly and intentionally, causing serious or potentially serious injury to his clients. He failed to communicate with his clients and failed to provide them with diligent representation. He then abandoned his practice, thereby leaving his clients without representation. After reviewing the ABA’s Standards'for Imposing Lawyer Sanctions, the committee determined the applicable baseline sanction is disbarment. The committee did not mention any aggravating factors and found no mitigating factors present. The committee therefore recommended respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

*306
Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations, with one exception relating to the Williams matter. The formal charges state that Mr. Williams paid respondent a total of $1,500 in cash. However, the handwriting in the initial complaint is not clear, and it is possible that Mr. Williams paid $500 in cash. Because there is nothing else in the record to verify the exact amount that Mr. Williams paid to respondent, the record must reflect that an “undetermined” fee was paid to respondent.
The board also determined respondent violated the Rules of Professional Conduct as alleged in the formal charges, with one exception relating to the [7Clabaugh matter. The board declined to find any rule violations in that matter because neither the language that the ODC used to describe the factual allegations in the formal charges, nor the record, provide clear and convincing evidence that respondent violated the rules as charged in that matter. The board noted that the only evidence submitted by the ODC in this matter is the initial complaint. There is nothing in the record to support the complaint, nor do the formal charges allude to conclusive investigative findings. In the formal charges, the ODC simply asserts that the complainant “states” or “claims” misconduct.
The board determined respondent violated duties owed to his clients, the legal system, and the legal profession. His conduct was both knowing and intentional as the record reflects that he has essentially abandoned his practice and later failed to cooperate with the ODC’s requests for information. He caused actual injury to multiple clients. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction is disbarment.
The board found the following aggravating factors present: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, substantial experience in the practice of law (admitted 2001), and indifference to making restitution. The board determined the only mitigating factor present is the absence of a prior disciplinary record.
Turning to the issue of an appropriate sanction, the board noted that in prior cases involving similar misconduct, this court has imposed sanctions ranging, from three-year suspensions to disbarment. Considering these cases, and the aggravating and mitigating factors present, the board recommended that respondent be disbarred. The board also recommended he pay restitution to his | ^clients and that he refund all unearned fees. Finally, the board recommended respondent be assessed with the costs and expenses of this matter.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual *307 allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record of this matter indicates that respondent neglected legal matters, failed to communicate with clients, failed to refund unearned fees, and failed to cooperate with the ODC in its investigations. Nevertheless, because of the language the ODC used to describe the factual allegations of the formal charges, the record does not provide clear and convincing evidence that respondent violated Rail of the Rules of Professional Conduct as alleged in the formal charges.[4] Based on the deemed admitted facts, as written in the formal charges, and the other evidence in the record, we agree that respondent has violated the Rules of Professional Conduct as determined by the disciplinary board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
The record supports a finding that respondent violated duties owed to his clients, the legal system, and the legal profession, causing actual harm. The applicable baseline sanction in this matter is disbarment.[5] The aggravating and mitigating factors found by the disciplinary board are supported by the record.
Turning to the issue of an appropriate sanction, case law indicates that the sanction for misconduct similar to respondent’s is disbarment. In In re: Hatfield, 08-2632 (La.2/20/09), 2 So.3d 425, we imposed disbarment upon an attorney who neglected legal matters, failed to communicate with his clients, failed to refund unearned fees, and failed to cooperate with the ODC in its investigations. In In re: Williams, 06-2578 (La.2/2/07), 947 So.2d 710, we disbarred an attorney who neglected legal matters, failed to communicate with clients, failed to protect a | inclient’s interest upon termination of the representation, and failed to cooperate with the ODC in its *308 investigations. In In re: Poirrier, 01-1116, 01-1118 (La.6/29/01), 791 So.2d 94, we imposed disbarment upon an attorney who abandoned his law practice and failed to cooperate with the ODC in its investigations.
Based on this jurisprudence, we will adopt the board’s recommendation and disbar respondent. We further order respondent to pay restitution to his clients and to refund all unearned fees.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Robert David Hairford, Louisiana Bar Roll number 27492, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall provide an accounting to each of his clients subject of the formal charges, and make full restitution, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent has been ineligible to practice law in Louisiana since June 1, 2012 for failure to comply with the mandatory continuing legal education requirements. He is also ineligible for failure to pay his bar dues and the disciplinary assessment and for failure to file a trust account disclosure form.

. On February 28, 2003, respondent issued checks to the First Circuit and to the CSC. That same day, the appeals division of the CSC mailed a notice to respondent and to Mr. Marsch advising that the estimated cost was received and that the record was returnable to the First Circuit. On April 25, 2003, the appeals division of the CSC mailed notice to respondent extending the return date. On June 5, 2003, the First Circuit sent a Notice of Lodging to respondent, informing him that the brief to be filed on behalf of Mr. Marsch was due on June 30, 2003, or the case would be dismissed. Thereafter, respondent filed a request for an extension of time to file the brief, which the First Circuit denied on August 14, 2003. On August 18, 2003, the First Circuit issued an order dismissing Mr. Marsch’s appeal.

. The record does not reflect whether respondent eventually complied with the court’s order.

. In In re: Beauchamp, 11-1144 (La.9/23/11), 70 So.3d 781, we cautioned the ODC that alleged rule violations in a deemed admitted matter are not proven by clear and convincing evidence based solely upon statements that the client "claimed" or the client "advised” of misconduct. Nevertheless, the instant formal charges — filed more than six months after our opinion in Beauchamp— continue this ill-advised practice. We therefore again remind the ODC to use more definitive statements of the alleged facts in its formal charges.

. ABA Standard 4.41 provides that disbarment is generally appropriate when (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.