*418 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
| jThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Sidney W. Hall, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
In September 2007, Dameon Johnice hired respondent to represent him in a criminal matter in federal court. Mr. Joh-nice subsequently pleaded guilty pursuant to a plea agreement, and on July 1, 2008, he was sentenced. Thereafter, Mr. Joh-nice instructed respondent to file an appeal. On July 7, 2008, respondent filed a notice of appeal in the federal district court. The record was lodged with the appellate court on July 24, 2008, but on August 21, 2008, Mr. Johnice’s appeal was dismissed because respondent failed to timely pay the docketing fee, order a transcript, and make financial arrangements with the court reporter.
After his appeal was dismissed, Mr. Joh-nice filed in the federal district court a pro se motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. The motion was referred to a federal magistrate judge for an evidentiary hearing. Following the hearing, the magistrate judge concluded that respondent abandoned Mr. Johnice’s appeal without his knowledge or consent and prejudiced him by causing his appeal to be dismissed.
|2On February 23, 2010, the federal district judge approved and adopted the magistrate judge’s findings. Based on those findings, the district judge vacated and reinstated the judgment of Mr. Johnice’s conviction, thereby affording him an opportunity to file a new notice of appeal. Thereafter, Mr. Johnice obtained new counsel, who proceeded with the appeal. However, his new attorney eventually filed an Anders brief requesting that he be *419 allowed to withdraw as Mr. Johnice’s attorney because the appeal lacked arguable issues.
DISCIPLINARY PROCEEDINGS
In April 2010, the ODC filed formal charges against respondent, alleging that by his conduct as set forth above he violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.2(a) (scope of the representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
Respondent filed an answer to the formal charges, admitting he took no steps to perfect Mr. Johnice’s appeal after filing the notice of appeal, but denying that he engaged in any misconduct. The matter then proceeded to a formal hearing on the merits.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee made the following factual findings:
In September 2007, Mr. Johnice retained respondent to represent him in a federal criminal case. Mr. Johnice entered into a plea agreement with the |3government and pleaded guilty. Pursuant to the plea agreement, Mr. Johnice waived all rights to appeal except under very specific circumstances: 1) if the judge issued a sentence greater than the statutory minimum; 2) if the judge issued a sentence that was an upward departure from the guidelines; or 3) if the judge went above the guideline range in his calculation of the sentence. Mr. Johnice was sentenced on July 1, 2008. Thereafter, he instructed respondent to file an appeal. Respondent filed a notice of appeal in federal district court on July 7, 2008, and the record was lodged with the appellate court on July 24, 2008. On August 21, 2008, Mr. Johnice’s appeal was dismissed for want of prosecution.
The testimony provided by several witnesses at the formal hearing in this matter made it clear that, based on Mr. Johnice’s waiver of his appellate rights in the plea agreement, the chances of him obtaining any relief on appeal were “slim to none.” Several witnesses also testified that respondent’s strategy was to pursue a Rule 35 reduction in sentence, which can only be brought by the government, rather than an appeal.[2] Based on this testimony, the committee found respondent was pursuing a strategy to which Mr. Johnice had agreed. The committee concluded that the only issue in this matter was whether Mr. Johnice knew about and affirmatively agreed with the dismissal of his appeal.
After the appeal was dismissed, Mr. Johnice filed a § 2255 motion with the federal district court because respondent had allowed his appeal to be dismissed for want of prosecution. At the related evi-dentiary hearing, respondent testified that he abandoned Mr. Johnice’s appeal because he felt that 1) they had discussed pursuing the Rule 35 strategy over the appeal, and 2) the appeal would not be monetarily or legally worth pursuing. Respondent admitted, however, that he never wrote to Mr. Johnice about abandoning the appeal or withdrawing the |4appeal. Furthermore, they only discussed the appeal *420 once or twice. At the formal hearing of this matter, respondent testified similarly and acknowledged that his failure to put his agreement with Mr. Johnice in writing was “stupid.” Respondent also indicated that Mr. Johnice was difficult to communicate with because, every time he would see Mr. Johnice, it was as if Mr. Johnice could not recollect what they had discussed in past visits.
Finally, the committee found that Mr. Johnice’s new attorney, who pursued the appeal after the district judge’s February 23, 2010 ruling, ultimately filed an Anders brief, in which hé stated that there were no non-frivolous reasons to appeal Mr. Johnice’s guilty plea.
Based on these facts, the committee determined respondent violated Rules 1.4 and 8.4(d) of the Rules of Professional Conduct. Specifically, the committee found respondent violated Rule 1.4 because he did not reasonably consult with Mr. Johnice relative to the “strategy” that he thought Mr. Johnice understood; he did not keep Mr. Johnice reasonably informed about the status of the appeal and the Rule 35 motion the government was considering bringing; and he failed to consult with Mr. Johnice about the fact that filing an An-ders brief was beyond his competency because he had only handled two criminal matters in federal court and had never filed an appeal relative to a federal criminal case. The committee also found respondent violated Rule 8.4(d) when he failed to adequately communicate with Mr. Johnice and failed to file a motion to withdraw the appeal. The committee did not make any determination whether respondent violated the other Rules of Professional Conduct as alleged in the formal charges.
After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined a suspension is warranted for respondent’s knowing misconduct. The committee also determined that Mr. Johnice was not harmed or prejudiced because of respondent’s failure to perfect his appeal.
| fin aggravation, the committee found prior disciplinary offenses.[3] In mitigation, the committee found the absence of a dishonest or selfish motive, character or reputation (based on the testimony of several character witnesses), full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and inexperience in the practice of criminal law.
After reviewing this court’s prior jurisprudence involving similar misconduct, the committee recommended respondent be suspended from the practice of law for one year, with all but one day deferred, subject to one year of probation with the conditions that respondent remain complaint-free and complete twelve additional hours of continuing legal education in ethics and professionalism, with specific focus on law office management.
The ODC filed an objection to the hearing committee’s report and recommendation, suggesting that it would be inefficient to enforce an actual period of suspension of one day. Rather, the ODC asserted that the entire one-year suspension should be deferred, subject to a probationary period. In his brief to the disciplinary board, respondent objected only to the requirement that he remain complaint-free during the period of his probation, contending he *421 has no control over whether complaints are filed with the ODC.

Disciplinary Board Recommendation

After review, the disciplinary board determined the hearing committee’s factual findings are not manifestly erroneous, except in three instances. First, the board did not agree with the committee that the mitigating factor of inexperience in the practice of criminal law is present. Second, the board determined the record 1 (jdoes not support the committee’s finding that respondent failed to inform Mr. Joh-nice that preparing an Anders brief was beyond his competency because there is no evidence or testimony concerning this issue. Finally, the board determined the record does not support the committee’s finding that respondent failed to keep Mr. Johnice informed about the Rule 35 motion because respondent’s testimony and evidence contradict this finding.
The board agreed with the committee that respondent violated Rules 1.4 and 8.4(d) of the Rules of Professional Conduct. The board also determined the ODC did not establish by clear and convincing evidence that respondent violated the other Rules of Professional Conduct as alleged in the formal charges.
The board further determined respondent knowingly violated duties owed to Mr. Johnice and the legal system. He caused minimal injury to Mr. Johnice, who was able to file a new appeal. However, the injury to the legal system was more significant in that the federal court had to conduct a hearing on Mr. Johnice’s motion to vacate to address the issue of the abandonment of the appeal. The board also determined that Standard 4.42(a) of the ABA’s Standards for Imposing Lawyer Sanctions applies in this matter, indicating that suspension is an appropriate sanction.[4]
In aggravation, the board found prior disciplinary offenses, vulnerability of the victim, and substantial experience in the practice of law (admitted 1975). In mitigation, the board found the absence of a dishonest or selfish motive, a cooperative attitude toward the proceedings, and character or reputation.
After considering this court’s prior jurisprudence involving similar misconduct,[5] the board recommended respondent be suspended from the practice |7of law for one year, fully deferred, subject to one year of unsupervised probation and completion of the Louisiana State Bar Association’s Ethics School. The board further recommended that any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and con *422 duct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In this matter, the record supports the hearing committee’s factual findings, as modified by the disciplinary board. Essentially, respondent failed to properly communicate with Mr. Johnice regarding his appeal, which conduct was prejudicial to the administration of justice. Based on this misconduct, respondent violated Rules 1.4 and 8.4(d) of the Rules of Professional Conduct.
1 «Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to his client. However, Mr. Joh-nice’s appeal rights were ultimately restored; thus, he suffered no actual harm. The record supports the aggravating and mitigating factors found by the board.
Under the circumstances, we agree that a fully deferred one-year suspension, subject to probation and Ethics School, as suggested by the disciplinary board, is an appropriate sanction for respondent’s misconduct.[6] Accordingly, we will adopt the disciplinary board’s recommendation.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Sidney W. Hall, Louisiana Bar Roll number 6444, be and he hereby is suspended from the practice of law for one year. This suspension shall be deferred in its entirety, subject to respondent’s successful completion of a one-year period of unsupervised probation with the condition that respondent attend the Louisiana State Bar Association’s Ethics School. The probationary period shall commence from the | fldate respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. A motion by the government under Rule 35 of the Federal Rules of Criminal Procedure seeks a reduction in an already-imposed sentence after a defendant has provided useful information in other cases.

. In 2000, respondent participated in and successfully completed the Louisiana State Bar Association's Diversion Program after engaging in conduct constituting a conflict of interest. In 2005, respondent was admonished for notarizing an affidavit outside of the presence of the affiant and witnesses.

. Standard 4.42(a) provides that suspension is generally appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client.”

. The board determined respondent's misconduct was most similar to the misconduct in In re: Dean, 03-2478 (La. 1/21/04), 864 So.2d 152, wherein an attorney neglected legal mat-fers, failed to communicate with clients, failed to provide competent representation to a client, and failed to properly terminate a representation. For this misconduct, the court suspended the attorney from the practice of law for one year, fully deferred, subject to one year of supervised probation with conditions.

. We agree with the ODC that a one day period of actual suspension is not practicable or efficient from the standpoint of the disciplinary process.