*832
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 [ ,This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Gregory Patrick Nichols, an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 Count I
 
 — The
 
 Singleton Matter
 

 In early 2005, Lester Singleton hired respondent to represent him in divorce proceedings against his wife, who resided in California with the couple’s children. Mr. Singleton paid respondent $650 in costs and attorney’s fees. On February 10, 2005, respondent filed the petition for divorce in Jefferson Parish.
 

 Upon being served with the petition for divorce, Mr. Singleton’s wife, through her Louisiana counsel, filed exceptions of prematurity and lack of jurisdiction. A hearing on the exceptions was scheduled for April 27, 2005. Respondent failed to file a pre-hearing brief and did not appear in court for the hearing. The judge granted the exception of prematurity and dismissed Mr. Singleton’s petition for divorce. The judge also ordered Mr. Singleton to pay $1,500 in attorney’s fees to his wife as sanctions for his failure to appear and failure to file a brief. In an effort to get the judgment for sanctions reversed, 12respondent filed a notice of intention to file for supervisory writs; however, he subsequently failed to file the writ application.
 

 During his August 21, 2008 sworn statement to the ODC, respondent indicated he advised Mr. Singleton that exceptions were filed and that a hearing was scheduled. He acknowledged that he should have attended the hearing and should have been more diligent in representing Mr. Singleton. He also indicated he told Mr. Singleton that he would pay the $1,500 fine himself if the judgment for sanctions was enforced.
 

 Count II
 
 — The
 
 Watkins Matter
 

 In July 2000, Sherman Watkins hired respondent to draft a petition in a civil lawsuit against St. John the Baptist Parish Sheriffs Office for a civil rights violation after he was mistakenly arrested and charged with armed robbery and forced to spend the night a jail. Respondent drafted the petition for a flat fee, which Mr. Watkins paid. Mr. Watkins then filed the petition in proper person. When Mr. Watkins could not find another attorney to represent him, respondent agreed to assume the representation on a contingency fee basis.
 

 In 2003, the defendant deposed Mr. Watkins, and his substantial arrest record for petty crimes and drugs was revealed. At this point, respondent began to question Mr. Watkins’ credibility. Since the basis of Mr. Watkins’ case was that his reputation in the community had been damaged because of his arrest, respondent felt he would never be able to prove Mr. Watkins had been injured by the defendant’s actions. Mr. Watkins also would not allow respondent to settle the case for less than $250,000.
 

 When Hurricane Katrina struck in August 2005, Mr. Watkins’ case had been inactive for two years. Mr. Watkins’ phys
 
 *833
 
 ical file was destroyed when Katrina | ¡¡destroyed respondent’s home office. As such, respondent continued to do nothing on the case.
 

 In December 2006, the defendant filed a motion to dismiss the suit on the grounds of abandonment, and the suit was dismissed on December 20, 2006. Despite receiving notice of the dismissal, respondent did not inform Mr. Watkins of same.
 

 During his August 21, 2008 sworn statement to the ODC, respondent acknowledged that he should have filed a motion to withdraw as Mr. Watkins’ attorney when he knew the case was not progressing. He also acknowledged that his error caused the case to be abandoned. Seven days after his sworn statement, respondent wrote to Mr. Watkins, informing him that the case was abandoned. He also informed Mr. Watkins that he may have committed malpractice.
 

 DISCIPLINARY PROCEEDINGS
 

 In February 2010, the ODC filed formal charges against respondent. While the ODC failed to allege any rule violations in the formal charges, the ODC’s later filings alleged that, by his conduct as set forth above, respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client) and 1.4 (failure to communicate with a client).
 

 Respondent filed an answer to the formal charges, essentially admitting the misconduct but also noting several mitigating factors he believes are present. This matter then proceeded to a formal hearing on the merits, conducted by the hearing committee in January 2011.
 

 _|¿Hearing Committee Report
 

 After considering the testimony and evidence presented at the hearing, the hearing committee determined that all witnesses were credible and that they all testified truthfully as they understood the facts and the questions posed to them. The committee then made the following factual findings:
 

 Respondent agreed to represent Mr. Singleton in filing for a divorce. Mr. Singleton had recently moved to Louisiana from California, where his wife and children still resided. Mr. Singleton understood that custody and alimony issues would have to be addressed in California. He also understood that he could obtain a divorce in either Louisiana or California. After the petition for divorce was filed in Louisiana, Mr. Singleton’s wife hired a Louisiana attorney, who filed exceptions of prematurity and lack of jurisdiction. She also presented evidence that Mr. Singleton continued to be domiciled in California. Based on this evidence, which respondent apparently accepted without question, he advised Mr. Singleton to dismiss the Louisiana case and litigate all issues in California. Respondent did not file an opposition to the exceptions and did not appear at the related hearing. The court granted one of the exceptions and assessed attorney’s fees against Mr. Singleton because of his failure, through counsel, to file an opposition or to appear. Those fees have never been collected, nor has any attempt been made to collect them. Respondent acknowledged that the assessment of fees, while unusual, was attributable to his inaction. He agreed to pay the fees if an effort was made to collect them. Respondent apparently believed he had obtained Mr. Singleton’s consent to dismiss the matter. However, he never filed a motion to dismiss, and Mr. Singleton denied that he authorized a dismissal. Respondent acknowledges that he should have appeared for the hearing and should have filed an opposition to the exceptions or a motion to dismiss.
 

 
 *834
 
 |fiMr. Watkins had been mistakenly arrested and charged with armed robbery and was forced to spend a night in jail. He retained respondent to draft a petition for him to avoid expiration of the prescriptive period. Respondent drafted the petition, and Mr. Watkins filed it in proper person. Later, Mr. Watkins was unable to find another attorney to represent him, and respondent agreed to represent him on a contingency fee basis. During discovery, respondent learned that Mr. Watkins had a series of prior arrests and believed Mr. Watkins’ case could never be proven. Respondent received a settlement offer from the primary defendant and discussed the offer with Mr. Watkins. However, Mr. Watkins indicated he would settle for no less than approximately ten times the amount of the proposed settlement amount. Rather than continue to litigate the case or formally withdraw, respondent failed to take any action. Two years later, Hurricane Katrina destroyed respondent’s home office and the entirety of the physical file on Mr. Watkins and his lawsuit. Respondent lost track of the suit in the aftermath of Katrina and his own personal family problems. The suit was dismissed on the grounds of abandonment near the end of 2006. Respondent acknowledges his error in permitting the case to be abandoned. He also acknowledges that, prior to learning of Mr. Watkins’ disciplinary complaint, he did not inform Mr. Watkins that his suit had been abandoned or that a malpractice claim against him might exist. Respondent attributes his failure to an inability to reach Mr. Watkins, especially after Katrina. Upon learning of the complaint and receiving Mr. Watkins’ address from the ODC, respondent did so notify him.
 

 Based on these facts, the committee determined respondent violated Rules 1.3 and 1.4 of the Rules of Professional Conduct. The committee further determined respondent negligently violated duties owed to his clients. However, the harm he caused was not overwhelmingly great. Although Mr. Singleton was deprived of a quick divorce in Louisiana, he may still obtain a divorce in either | ^California or Louisiana. Although Mr. Watkins was deprived of his day in court, his claim likely would not have resulted in a substantial judgment in his favor. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the baseline sanction is suspension.
 

 In aggravation, the committee found multiple offenses and vulnerability of the victim. In mitigation, the committee found the following factors: absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.
 

 After considering this court’s prior jurisprudence involving similar misconduct, the committee recommended that respondent be suspended from the practice of law for six months, with all but two days deferred.
 
 [1]
 
 The committee further recommended that, during the period of suspension, respondent attend a one-hour continuing legal education (“CLE”) course on ethics that includes a discussion of attorney responsibilities regarding termination of client relations.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation. However,
 
 *835
 
 respondent did file an objection to the assessment of costs and expenses against him. After considering respondent’s objection and the ODC’s opposition, the committee chair issued an order denying respondent’s objection.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined the hearing committee’s factual findings are not manifestly erroneous. Based on these facts, the board | determined respondent violated Rule 1.3 of the Rules of Professional Conduct by failing to attend the April 27, 2005 hearing on Mr. Singleton’s behalf and by allowing Mr. Watkins’ claim to become abandoned. The board also determined respondent violated Rule 1.4 by failing to notify Mr. Watkins that his claim was abandoned and by failing to reasonably consult and communicate with Mr. Singleton regarding his attendance at the April 27, 2005 hearing.
 

 The board determined respondent negligently violated duties owed to his clients. The board agreed with the committee that the harm caused by respondent’s misconduct was not overwhelmingly great. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the baseline sanction is suspension. The board also adopted the aggravating and mitigating factors found by the committee.
 

 After considering this court’s prior jurisprudence involving similar misconduct, the board recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to a six-month period of unsupervised probation, with the condition that he obtain an extra hour of ethics CLE this calendar year. The board also recommended that respondent be assessed with all costs and expenses of these disciplinary proceedings.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and | ¡^recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 The record in this matter supports a finding that respondent neglected his clients’ legal matters and failed to adequately communicate with his clients. Based on these facts, respondent has violated the Rules of Professional Conduct as found by the disciplinary board.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 
 *836
 
 Respondent negligently violated duties owed to his clients, causing harm to them both. The baseline sanction for this type of misconduct is suspension.
 

 The record supports the following aggravating factors: a pattern of misconduct, multiple offenses, vulnerability of the victim, and substantial experience in the practice of law (admitted 1995). The record also supports the mitigating factors found by the committee and adopted by the board.
 

 Turning to the issue of an appropriate sanction, this court’s prior jurisprudence suggests a fully deferred six-month suspension is appropriate for respondent’s misconduct. For example, in
 
 In re: Scott,
 
 09-1886 (La.2/5/10), 31 So.3d 978, an attorney neglected a legal matter and failed to adequately 19communicate with two clients. For this misconduct, we imposed upon the attorney a fully deferred six-month suspension.
 

 Considering the above, and in particular respondent’s lack of a prior disciplinary record and the negligent nature of his misconduct, we will adopt the board’s recommendation and suspend respondent from the practice of law for six months, fully deferred, subject to a six-month period of unsupervised probation with the condition that he obtain an extra hour of ethics CLE this calendar year.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Gregory Patrick Nichols, Louisiana Bar Roll number 23883, be and he hereby is suspended from the practice of law for six months. This suspension shall be deferred in its entirety, subject to respondent’s successful completion of a six-month period of unsupervised probation governed by the conditions set forth in this opinion. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . The committee recommended a one-day suspension for each of the client matters handled by respondent. However, we caution the hearing committees that there will seldom be good reason to recommend such an abbreviated period of actual suspension.
 
 See, e.g., In re: Hall,
 
 11-1025, fn. 6 (La.9/2/11), 69 So.3d 417.